IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-HC-2062-BO

| | | |
|---|---|---|
| STEVEN DIXON PRENTICE, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BUREAU OF PRISONS and | ) | |
| JUSTIN ANDREWS, et al., | ) | |
| Respondents. | ) | |

Steven Dixon Prentice ("petitioner" or "Prentice"), a federal inmate, filed this habeas petition pursuant to 28 U.S.C. § 2241. Several motions are presently before the court. Prentice moves for default [D.E. 16], to correct the PSR pursuant to Rule 36 [D.E. 21], and "for leave and supplemental addendum"[1] [D.E. 24]. Respondents move to dismiss the matter, or in the alternative, for summary judgment [D.E. 17]. Prentice was given proper notice of the pending motion filed by respondents and responded. Roseboro Notice, D.E. 20. In this posture, the matter is ripe for determination.

Issues

Petitioner, Steven Dixon Prentice, alleging various claims regarding property seized following his arrest, issues surrounding the payment of his restitution order, funds paid by him in the form of inmate medical co-pays, the loss of his prison job, the denial of access to the Bureau of Prisons ("BOP") TRULINCS1 inmate email system, issues concerning language in his

---

[1] The motion for leave and supplemental addendum is allowed and fully considered by the court. The court finds that the motion appears to be more appropriately considered as an addendum to petitioner's November 26, 2014, response to respondent's motion to dismiss, or in the alternative, motion for summary judgment.

Presentence Investigation Report ("PSR"), and challenging several of his supervised release conditions. As grounds for relief, petitioner seeks the following: the return of property and/or funds seized from him; the return of funds allegedly lost, and payment of interest charges incurred as a result; an order ceasing the BOP's collection of inmate medical co-pays; changes or modifications to his PSR and his supervised release conditions; access to the TRULINCS inmate email system; and placement in his prior UNICOR2 prison job. D.E. 1.

Background

On August 7, 2001, in the United States District Court for the Middle District of North Carolina, petitioner was sentenced to a 210-month total term of imprisonment for offenses involving the receipt of child pornography through interstate commerce. See Decl. Cornelia Coll, ¶ 4 ("Coll Decl."); see also Judgment, United States v. Prentice, 1:01-CR-00031, D.E. 23 (M.D.N.C. Aug. 27, 2001)(hereinafter "Prentice I"). As a part of his judgment, petitioner was ordered to pay a $200.00 fine and restitution in the amount of $8,100.00. Prentice I, D.E. 23. Petitioner's projected release date is April 12, 2016, via the projected earning of good conduct time. Coll Decl. ¶ 4; http://www.bop.gov/inmateloc (search by BOP Register Number 20581-057) (last visited Aug. 14, 2015).

Following the imposition of his criminal sentence, petitioner did not appeal his conviction or sentence. On August 7, 2002, petitioner filed a motion with his criminal court seeking an extension of time in which to file his notice of appeal. Prentice I, D.E. 24. On October 15, 2002, the district court denied his motion. Id., D.E. 26. On September 18, 2003, petitioner filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255. Id., D.E. 30. Petitioner's § 2255 motion was denied on March 9, 2004, and he was denied a certificate of appealability. Id., D.E. 38, 42-43. Petitioner appealed the denial of his § 2255 motion to the

2

Fourth Circuit, and in a judgment entered August 24, 2004, the Fourth Circuit Court of Appeals dismissed his appeal. Id., D.E. 48-49.

On October 22, 2009, petitioner's criminal court entered an order granting the government's motion to alter his judgment, by substituting the payee for his previously-imposed restitution order. Id., D.E. 52. Petitioner appealed from this order, and on March 2, 2011, the Fourth Circuit affirmed the district court's October 22, 2009 ruling. Id., D.E. 53, 61-63.

In the meantime, on July 26, 2010, petitioner filed a motion entitled "Omnibus Motion for Remand or Resentence Dismissal of Restitution." Id., D.E. 55-56. In the motion, petitioner challenged the imposition of his restitution order, and alleged claims regarding the BOP's collection of his payments made through the BOP's Inmate Financial Responsibility Program ("IFRP"). Id. In an order entered February 7, 2011, petitioner's criminal court dismissed his motion for a lack of jurisdiction, to the extent he was challenging the court's prior October 22, 2009 order, and denied his motion, to the extent he sought to modify his original criminal judgment. Id., D.E. 60. Additionally, the court instructed the petitioner that, to the extent he sought to challenge the BOP's collection of funds through the IFRP program, he should file those issues via a § 2241 habeas petition in his jurisdiction of confinement. Id.

Beginning on August 20, 2012, and over the course of the next several months, petitioner filed a second motion pursuant to 28 U.S.C. § 2255, along with a brief in support of his motion and other related motions, raising multiple issues regarding: challenges to the evidence obtained in his criminal case; his criminal history points; a lack of jurisdiction over his criminal charges; double jeopardy based upon his related state conviction; his restitution order; detrimental effects his PSR and supervised release conditions are having on him during the service of his sentence; and a request for resentencing. Id., D.E. 64-67, 71-73. In an order entered December 23, 2013,

3

petitioner's criminal court dismissed several of his motions and related filings a second or successive habeas petition, to the extent he sought to attack his criminal conviction, for which petitioner had failed to obtain Fourth Circuit Court of Appeals certification as required by 28 U.S.C. §§ 2244 and 2255. Id., D.E. 77. The court also provided petitioner with instructions and form for filing § 2255 motions and Motions for Authorization in the Fourth Circuit Court of Appeals, along with additional copies of §§ 2255 and 2254 motion forms. Id.

Motion for Default

Prentice's motion for default judgment is denied. Federal Rule of Civil Procedure 55 provides that an entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). Entry of default pursuant to Federal Rule of Civil Procedure 55 is not proper in this case because the motion for default was filed on November 10, 2014. Mot. for Entry Default, D.E. 16. However, respondents requested and were allowed an extension of time and had until November 17, 2014, to respond. On November 17, 2014, respondents did in fact file a motion to dismiss, or alternatively for summary judgment. Thus, respondents timely made a response, and the motion is DENIED.

Motion for Summary Judgment

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must

4

come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita, 475 U.S. at 588.

In considering this application for habeas relief under 28 U.S.C. § 2241, a court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21 (1975). Section 2241 is merely a general grant of habeas corpus authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of habeas corpus authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S .C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. Rather, § 2241 applies to circumstances factually quite different from those properly considered under § 2255. "[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194, n.5 (4th Cir.1997).

To begin, petitioner's challenges regarding his prison job, his access to the TRULINCS email system, and challenges regarding medical co-pays[2] are challenges to conditions of his

---

[2]The court further notes that inmates are not entitled to free medical care, and the challenge to the medical co-pay policy fails. See Rinehart v. Beck, No. 5:09-CT-3019-D, 2011

5

confinement, for which habeas corpus relief is not available. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The appropriate remedy for such violations would not be release from custody, but would instead be a judicially mandated change in the conditions and/or an award of damages. Thus, these claims are not cognizable under a § 2241 petition. See Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750–51 (2004); Preiser, 411 U.S. at 494, 498–99; Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978). These claims are dismissed.

As for petitioner's claim to return funds and/or property which was seized after his arrest, the claim is also dismissed. Relief available by means of a § 2241 habeas petition is limited, and petitioner's requests for relief are not available to him through this writ. It is well-established that a petitioner may not obtain monetary damages through a § 2241 petition. See McKinney–Bey v. Hawk–Sawyer, 69 F. App'x 113, 113 (4th Cir. 2003) ("To the extent that Appellant sought money damages, such relief is not available under § 2241. As the district court found, an action for monetary damages is properly pursued by way of a civil rights action."). Thus, petitioner's claims requesting the return of property seized following his arrest are not claims seeking release from custody, and as such they constitute claims for relief that is unavailable to him by way of a § 2241 petition. These claims are denied and dismissed.

Next, petitioner's claims challenging both the language in his Presentence Investigation Report ("PSR") and several of his supervised release conditions do not fall within the purview of § 2241. Such claims challenge the validity of his sentence and judgment, not its execution.

---

WL 52360, at *4 (E.D.N.C. Jan. 5, 2011) (unpublished) (collecting cases), aff'd, 441 F. App'x 148 (4th Cir. 2011) (per curiam) (unpublished); Gonzalez-Reyna v. Ellis, No. 1:09CV522 AJT/TCB, 2009 WL 2421482, at *3 (E.D. Va. July 27, 2009) ("Inmates are not entitled to free medical care, and an inmate's displeasure at having to pay such co-payment does not present a constitutional claim."); Johnson v. Dep't of Pub. Safety & Corr. Servs., 885 F. Supp. 817, 820 (D. Md. 1995) ("co-pay requirements for prison medical services are constitutional").

6

Jackson v. O'Brien, 2015 WL 4389561 (N.D. W. Va. 2015); Ayers v. United States, 2014 WL 4981438 *2-3 (S.D. W. Va. 2014); Biedrzycki v. O'Brien, 2011 WL 6748505, *1-5 (N. D. W. Va. 2011); Sheppard v. Warden, 2011 WL 1326206 (D.S.C. 20111).

To the extent Prentice challenges the decision of the sentencing court to impose a fine as part of his criminal judgment, such a claim is not cognizable pursuant to section 2241 and must be dismissed. See Cox v. Warden, Federal Detention Center, 911 F.2d 1111, 1114-15 (5th Cir. 1990) (affirming the district court's dismissal of section 2241 petition to the extent petition challenged "the sentencing court's imposition of . . . any form of monetary assessment, fine, or restitution").

To the extent Prentice challenges the payment schedule imposed by BOP through the FRP, such a claim is cognizable pursuant to section 2241. See, e.g., Coleman v. Brooks, 133 Fed. App'x. 51, 53, 2005 WL 1220855, *1 (4th Cir. May 24, 2005) (petitioner's challenge to execution of restitution order by BOP through FRP "was properly brought as a petition for habeas corpus relief arising under 28 U.S.C. § 2241"). However, Prentice's allegations lack merit.

> A sentencing court may not delegate its authority to set the amount and timing of fines to the Bureau of Prisons. United States v. Miller, 77 F.3d 71, 77-78 (4th Cir.1996). However, the Fourth Circuit has held that when a fine or other financial obligation is due immediately, respondent's use of the IFRP program to collect an inmate's court-imposed monetary obligation does not violate Miller. See Coleman[], 133 Fed. App'x [at 53]. Where the court orders payment due immediately, it sets the required amount and timing for payment criminal monetary penalties. See e.g. United States v. Caudle, No. 07-4325, 2008 WL 110945 at * 4 (4th Cir. Jan. 10, 2008) (per curiam). Moreover, participation in IFRP does not violate the standard set forth in Miller. Id. The IFRP is a voluntary program which allows prisons to withhold prisoner's wages for payment of court-ordered monetary obligations, and does not violate due process. See Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002).

7

> In this case, the court set the amount and timing of Petitioner's criminal fines and other monetary penalties.... Thus, the IFRP affords Petitioner a way to make payments toward his monetary penalty, but no where in the order does the court require Petitioner to pay his restitution in this way and therefore it has not delegated its responsibility. Based on this reasoning, the BOP is properly using the IFRP to collect Petitioner's restitution.
>
> To the extent Petitioner claims that his compelled participation in the IFRP program violates his constitutional rights, this claim is also without merit. Compelling Petitioner to participate in this program is neither punitive in nature nor violates due process because it is reasonably related to the legitimate government objective of rehabilitation. See Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir. 1990). Moreover, a number of courts that have addressed the issue, have upheld the IFRP against constitutional attack on due process grounds. See Weinberger v. United States, 268 F.3d 346, 360 (6th Cir. 2001); McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989).

Gardner v. Williamson, No. 5:08-CV-2050-H, 2008 WL 7542376, *2-3 (E.D.N.C. May 13, 2008) (unpublished).

Rule 36 Motion

While labeled as a Rule 36 motion, petitioner is once again attacking the same criminal judgment that he challenged through his prior § 2255 motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (noting that "new legal arguments or proffers of additional evidence will usually signify that the prisoner ... is continuing his collateral attack on his conviction or sentence.") (internal citations omitted).

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress circumscribed the ability of federal prisoners to request post-conviction relief. United States v. Surratt, __ F.3d __, 2015 WL 4591677 (citing Rhines v. Weber, 544 U.S. 269, 274 (2005)). Congress also limited the jurisdiction of federal courts to hear second or successive requests under § 2255. See, e.g., In re Weathersby, 717 F.3d 1108, 1110 (10th Cir.2013) ("Congress placed strict limitations on second or successive motions under § 2255[.]"). A person cannot

8

Case 5:14-hc-02062-BO Document 25 Filed 08/18/15 Page 8 of 9

bring a second or successive section 2255 motion unless the appropriate court of appeals first certifies that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); United States v. Winestock, 340 F.3d 200, 204–05 (4th Cir. 2003). Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive Section 2255 motion. This court is therefore without jurisdiction to consider a successive petition under Section 2255. See In re Vial, 115 F.3d 1192, 1194–95 (4th Cir.1997) (en banc).

Conclusion

Accordingly, the matter is DISMISSED in its entirety. Respondents' motion to dismiss or alternatively for summary judgment [D.E. 17] is GRANTED. Furthermore, while the motion found at D.E. 24 is ALLOWED, petitioner's motions for default and motion pursuant to Rule 36 [D.E. 16, 21] are DENIED as set out above. The certificate of appealability is DENIED. The case is CLOSED.

SO ORDERED, this _18_ day of August 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9

Case 5:14-hc-02062-BO   Document 25   Filed 08/18/15   Page 9 of 9